## C. H. Mouton, Administrator, *v.* E. F. Beauchamp.

If no fraud or deception be practised upon a surety, the obligation is valid as to him, if it be valid as against the principal.

An administrator, who purchases property of the succession, and gives his note for the price, cannot plead the nullity of the sale and resist payment of his note, without tendering back the property purchased.

A note payable to the agent of the maker for the use of the succession of which the maker was administrator, is valid. The real obligees are the creditors and heirs of the succession.

Payment of a note will not be presumed, from the fact of its having matured, whilst in the hands of an administrator, who was also the maker, when it is found uncancelled in the hands of a subsequent administrator. In such a case, the burden of proving payment is thrown on the obligor.

Where the term of payment has not been prolonged in favor of the principal, and no act has been done by the holder of a note, which would prevent the surety, on payment, being subrogated to all the rights of the holder against the principal, the holder will not be considered guilty of *laches*, such as to discharge the surety.

APPEAL from the District Court of St. Martin, *Dapre*, J.

*M. Voorhies*, for plaintiff. *Crow & Girard*, for defendant and appellant.

SPOFFORD, J. The defendant appeals from a judgment rendered against him, as surety on certain notes given by *Walter B. Brashear*, in favor of *Robert Perry*, agent of *'Walter B. Brashear*, for the use of the succession of *Maria Crow.*

*Brashear* was administrator of the succession of *Maria Crow*, at the time the notes were given, but has since been displaced and the plaintiff is now the administrator. The notes sued on form part of the assets of the succession, in the administrator's hands.

The surety urges, that a part of the consideration of the notes was the price of certain slaves bought at the succession sale of *Maria Crow*, by *Brashear*, at the time he was administrator; that he was legally incompetent to purchase; that the sale was an absolute nullity, and therefore that the notes are void.

No fraud or deception having been practised upon the surety, the obligation is valid as to him, if it is valid as against the principal.

It is admitted in the defendant's answer, that <i>Brashear</i> got possession of the slaves sold to him, and that he had possession of them three years after the purchase, when he was sued on the notes by the present plaintiff in the parish of Jefferson. <i>Brashear</i> could not have resisted the payment of the notes on account of the alleged illegality of his purchase, without tendering back the slaves; no more can the surety. But <i>Brashear</i> was by law an heir to the succession of <i>Maria Crow</i>, and it is not clear that his renunciation could be set up by him, as destroying his capacity to purchase, whilst the creditors of the succession, through the administrator, were seeking to enforce the sale for their benefit. "Nothing contained in Articles 1139 and 1784 of the Civil Code, shall be so construed as to prevent any administrator, &c., from purchasing at the sale of the effects of the deceased, whose estate they may respectively represent, when the said administrator, &c., is an heir or legatee of said deceased; and all purchases so made, shall be considered as valid and binding as though the same had been made by any disinterested third party or parties." Acts 1840, p. 123.

Again: the surety asserts that the notes are null, because they were made payable by <i>Brashear</i> to <i>Brashear's</i> agent, for the use of the succession. The argument is, that there must be an <i>aggregatio mentium</i> between the obligor and the obligee, and when they are represented by the same person, no obligation can arise. The surety cannot be released upon such a plea. The real obligees are the creditors and heirs of the succession of <i>Crow</i>, who, through the administrator, are now seeking to enforce an obligation consented to in their favor, by both the principal and surety. The parish Judge accepted the notes for the benefit of the parties interested, at the time he made the sale.

The surety contends, that three of the notes sued on, having matured while still in the hands of <i>Brashear</i>, as administrator, must be presumed to have been paid, or at least to have been extinguished by confusion. Their appearance uncancelled in the hands of the present administrator, throws the burden of proving payment upon the surety. Extinction by confusion was impossible, as the administrator did not hold them in the capacity in which he was indebted, but held them in trust for the benefit of other persons.

Finally: it is insisted, that the surety has been discharged by the <i>laches</i> of the plaintiff, in pursuing the principal debtor, and seeking to enforce the mortgage upon the slaves bought by him.

There is no evidence that the term of payment has been prolonged, or that the present administrator has been guilty of any act, neglect, or want of reasonable diligence, by which the subrogation of the defendant to his rights, mortgages, and privileges, can no longer be operated. On the contrary, the plaintiff seems honestly but ineffectually to have sought payment from the principal by judicial process.

The judgment of the District Court is affirmed, with costs.